WALSH v. EBLING BREWING CO.

(Supreme Court, Appellate Term. June 24, 1910.)

LANDLORD AND TENANT (§ 231*)—REPAIRS—LIABILITY OF TENANT—EVIDENCE.
   Evidence *held* to show that a tenant was to pay for repairs.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by James A. Walsh against the Ebling Brewing Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Norbert Blank, for appellant.
Robert J. Haire, for respondent.

GUY, J.   The plaintiff orally leased from the defendant a saloon on Webster avenue, borough of the Bronx, agreeing to pay $75 per month rent in advance, and deposited with defendant $300 as security for said rent, and for the payment of the advance fee for the license, and also for all ale and beer which the defendant should supply during the continuance of the lease. Subsequently the plaintiff disposed of his interest in the business, and, claiming that there was due him the amount of said deposit, less the sum of $80 on account of license money advanced by defendant and some ale and beer furnished by defendant, brought this suit, and recovered judgment for such claim.

The leasing, amount of deposit, the agreed rental, and the furnishing of ale and beer were undisputed. The defendant claimed, however, that after the plaintiff had been in occupancy of the premises for some time he desired that some repairs should be made therein, and that an agreement was made that the defendant would advance the money to make such repairs up to the amount of the plaintiff's deposit; that such repairs were made, amounting to the sum of $203, for which plaintiff gave his promissory note; that an accounting was had between the parties, and that it was found that the note of $203, the unpaid license of $100, and the unpaid ale and beer bills amounted to $17.65 more than the plaintiff's deposit, which balance the plaintiff promised to pay.

The main issue was as to whether or not the repairs to the premises were to be paid for by the plaintiff or the defendant. Upon this issue we think that the large preponderance of evidence was in favor of the defendant. The plaintiff's note for $203 was evidently given for no other purpose than to pay the workmen employed in making the repairs. The plaintiff's explanation for giving this note is that he did not read it, that it was presented to him by a man who had done some

painting on the building, and that he (plaintiff) supposed when he signed it that it was merely a statement of the time taken by the painter in performing the labor. The defendant, however, produced another paper, concededly signed by the plaintiff, which contained the painter's time, and the agent of the defendant and the bookkeeper of defendant both testify to the giving of the note by plaintiff, and that at the time he gave it he insisted on having indorsed thereon the names of the workmen employed in doing the repairs and the several amounts paid them, and these several items so appear upon the note. When the plaintiff was called to rebut this testimony, he was asked:

"Now, a witness stated here that Mr. Blank [defendant's agent] said to you at his office to sign that note; is that right? A. Yes, sir. Q. Did Mr. Blank tell you to sign a note? A. Yes, sir."

This testimony, and the note itself, together with the testimony of the defendant's witnesses relative to the giving of it and its purpose, renders the plaintiff's testimony as to having signed such note without knowledge of its contents of little weight, and a new trial should be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.